IN THE
UNITED STATE DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK

ANTAR LAW FIRM, PLLC
Solomon E. Antar, Esq. (SEA-7804)
Attorneys for Plaintiff
26 Court Street, Suite 1200
Brooklyn, NY 11242
Tel. 718-769-3200
solomon@antarlawfirm.com

---

| | |
|---|---|
| TRIPLENET PRICING, INC., | Civil Action File No. ____ cv_____ (_____) |
| Plaintiff, | COMPLAINT AND JURY DEMAND |
| Vs. | |
| SKULLCANDY, INC, | |
| Defendant. | |

---

Plaintiff. Triplenet Pricing, Inc, ("Triplenet" or "Plaintiff"), by and through its counsel, the Antar Law Firm, PLLC, as and for its Complaint against Defendant Skullcandy, Inc, ("Skullcandy"), respectfully shows to the Court and alleges as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et. seq., and for substantial and related claims of tortious interference with contract, intentional interference with prospective economic advantage, and deceptive and unfair trade practices, under the statutory and common laws of the State of New York.

2. This action arises out of a substantial, immediate and real controversy between the parties based on threats that Defendant have made against Triplenet and its customers regarding Defendant Skullcandy's trade mark and state common law rights relative to the sales of its products by Triplenet.

3. While internet sales have been growing at an exponential pace, thereby creating an entirely new worldwide marketplace and, thus, leading to exceptionally robust competition whereby sellers are able to sell their products directly to the public in a manner that has never been known before, many resellers – including the Plaintiff herein -- have been threatened with legal action by manufacturers seeking to eliminate the competition and third-party sales by claiming that the resellers are either not "authorized distributors" or that the products sold are counterfeit.

4. In the instant case, in a bad faith attempt to stifle legitimate competition, and to prevent the sales of its products by anyone other than its own selected dealers, the Defendants have threatened to sue Triplenet for infringement falsely claiming that it has engaged in the sales of counterfeit Skullcandy products through its online Amazon storefront. Defendant's threats have the ability to cause significant harm to Triplenet as could be faced with a total shut down of its internet business by Amazon. This declaratory judgment action is required because Defendant's threats and interference with Plaintiff's business as hereinafter described should be enjoined by order of this Court.

**THE PARTIES**

5. Plaintiff Triplenet is a corporation organized under the laws of the State of Delaware having a principal place of business in the City of Wilmington, New Castle County, State of Delaware.

6. Upon information and belief, Defendant Skullcandy is a corporation organized and existing under the laws of the state of Utah, with its principal place of business located in Park City, Summit County, Utah.

## JURISDICTION AND VENUE

7. This action seeks a specific remedy based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2201, 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

8. The Court has personal jurisdiction over the Defendant, because, as hereinafter described, it distributes, promotes and/or sells its products in the state of New York and are located within this district and via one or more of its agents and authorized distributors that sell directly to the public at retail and/or to other outlets within this district, more particularly, BEST BUY and TARGET STORES, in the Eastern District of New York; and, also, B&H PHOTO, in the Southern District of New York.

9. Defendant Skullcandy is further subject to the longarm jurisdiction of New York pursuant to the provisions of §302 of the Civil Practice Law and Rules, more particularly, in that it:

(a) transacts any business within the state or contracts anywhere to supply goods or services in the state;

(b) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, and

(c) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce

10. Defendant Skullcandy has and still manufactures and/ or distributes various headphones, earphones, hands free devices, audio backpacks, MP3 players, and other products and accessories for sale throughout the United States and within the state of New York.

11. That, upon information and belief, as hereinafter alleged, Defendant Skullcandy conducts business through its various agents and "authorized distributors" formed and doing business pursuant to the laws of the state of New York.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Plaintiff is a Delaware corporation. Defendant, a Utah corporation, transacts business within this district and, upon information and belief, through its "authorized distributors" that sells directly to dealers and consumers who

are also within this district and/or because a substantial part of the events or acts giving rise to Plaintiff's claims occurred in this judicial district.

**FACTS**

13. Plaintiff is a corporation, organized and doing business in the state of Delaware, its principal offices being in the City of Wilmington, New Castle County, State of Delaware.

14. Upon information and belief, Defendant Skullcandy is a corporation organized and existing under the laws of the state of Utah, with its principal place of business located in Park City, Summit County, State of Utah.

15. Upon information and belief, Defendant Skullcandy transacts business within this district in the state of New York, by and through its agents and authorized distributors.

16. The Defendant Skullcandy's business consists of, amongst other things, the manufacture and distribution of various headphones, earphones, hands free devices, audio backpacks, MP3 players, and other products and accessories for sale throughout the United States and within the state of New York.

17. The Plaintiff is a reseller and distributor to the trade and others of various products including, but not limited to, various headphones, earphones, hands free devices, audio backpacks, MP3 players, and other products, accessories and related products.

18. Plaintiff's means of distribution include sales over the internet through various third-party websites generally known as storefronts such as are maintained on Amazon.com whereby products are advertised and sold to the public on a national and internal basis.

19. That Plaintiff is not an "authorized distributor" of the Defendant, nor does it have any agreements with the Defendant for the sale of its products or advertises itself as such, but it is totally independent of the Defendant.

20. That one of Plaintiff's main sources of business is its distribution and sales over the internet through its Amazon storefront whereby it advertises various products for sale to the public, including products that are manufactured and/or distributed by the Defendant.

21. The products of various manufacturers that are offered for sale by Plaintiff – including those of the Defendant's -- are all original manufacturers equipment, bearing Defendants' registered trademarks, in unopened packaging, and, where applicable, containing the manufacturers' original instructions, warranties, and serial numbers.

22. On or about March 6, 2019, and at times thereafter, Plaintiff received various notices from Defendant's counsel claiming Plaintiff to be advertising and selling Defendants' goods that are counterfeit. The notice advises that unless Plaintiff takes immediate action to cease all sales and advertisements of Defendant's products or to face legal action that could include complaints to Amazon whereby Plaintiff could sustain serious and lasting financial injury to its business.

23. That the Plaintiff is protected by the First Sale Doctrine which protects the right to resell genuine goods, and that the resale of genuine trademarked goods, even if not authorized, does not constitute trademark infringement insofar subject goods are in the same condition as the branded goods when they were first sold (see *Sebastian International, Inc., v. Longs Drug Stores Corporation*, 53 F.3d 1073, U.S.C.A, 9th Cir. (1995), (codified in 17 U.S.C. 109 of the Copyright Act).

24. That Defendant's goods sold by Plaintiff are neither materially different from the goods sold by Defendants nor do they cause confusion amongst the purchasing public. In fact, the goods sold by Plaintiff are original manufacturer's equipment, bearing Defendants' registered trademarks, in unopened packaging, and, where applicable, containing the manufacturers' original instructions, warranties, and serial numbers, all of which are purchased directly from Defendant's authorized distributors.

25. As a result of the foregoing, unless Plaintiff obtains a Declaratory Judgment that it has the right to resell Defendants' original manufacturer's equipment, bearing Defendants' registered trademarks, in unopened packaging, and, where applicable, containing the manufacturers' original instructions, warranties, and serial numbers, and purchased in the open marketplace from Defendant's own authorized dealers, and that such sales are not in violation of the Trademark Laws, but protected by the First Sale Doctrine, Plaintiff stands to sustain irreparable financial injury to its business.

## COUNT I
### (Declaration that Triplenet Does Not Infringe Defendants' Trademark)

26. Plaintiff incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 25, inclusive.

27. There can be no likelihood of consumer confusion between the sale by Plaintiff of Defendant's product that is the same product sold by Defendant to its own distributors which, in turn, are purchased by Plaintiff from its Defendant's distributors and then sold to the public in the open marketplace.

28. The Court should, thus, declare that Triplenet has not infringed Defendant's alleged trade mark rights because Plaintiff is protected by the First Sale Doctrine and there is no likelihood of consumer confusion.

## COUNT II
### (Tortious Interference With Contract)

29. Plaintiff incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 28, inclusive.

30. Triplenet has entered into a contractual relationship with website operators such as Amazon to sell various products to the consuming public.

31. Defendant is and was aware of Triplenet's contractual relationships and Triplenet's expectation of continued performance under their agreements.

32. Defendant has unjustifiably, and with malice, are interfering with the distribution and sales of its products by Triplenet and, through its threats, seeking to shut down its sales through its internet carriers with a frivolous charge of allegedly dealing in and offering counterfeit goods for sale.

33. The actions of Defendant are willful and malicious and without regard to Triplenet's rights.

**COUNT III**
**(Intentional Interference with Prospective**
**Economic Advantage)**

34. Plaintiff incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 33, inclusive.

35. As stated above, Triplenet has entered business relationships with website operators including Amazon to sell various products to the consuming public including Defendant's products.

36. Defendant's threats of legal action include its efforts to shut down its internet business by asserting a frivolous charge against Plaintiff in allegedly dealing in counterfeit merchandise.

37. These intended unfair representations will be made by Defendant for the sole purpose of harming Triplenet's relationship with its website operators and to discourage them from permitting it to maintain a storefront presence for the sale of goods to its customers. Further, in view of having received notice letters regarding these false complaints against Triplenet, it hereby seeks to obtain a Declaratory Judgment prior to sustaining any damage that has been threatened by the Defendant.

## COUNT IV
### (Deceptive and Unfair Trade Practices
### § 349 N.Y. Gen. Bus. Law)

38. Plaintiff incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 37, inclusive.

39. Triplenet alleges that Defendant has and is currently engaged in deceptive and unfair trade practices under § 349 of the N.Y. General Business Law.

40. As described above, Defendant has engaged in unfair trade practices by falsely claiming that Triplenet's has infringed upon its trademark rights and is dealing in counterfeit products. These allegations are made in order to intentionally interfere with Triplenet's sales of the Defendant's products.

41. Defendant's false and misleading claims of material fact and illegal conduct is designed to intentionally interfere with Triplenet's market with its customers and sales of the Defendant's products.

42. Defendant's false and misleading allegations are material in that they will likely to cause prospective consumers of Triplenet to discontinue their business with it for fear of purchasing counterfeit products and possibly being subject to lability as a result thereof.

43. Defendant has and/or will disparage the goods and services and business reputation of Triplenet through false and misleading representations of material fact by falsely claiming it is selling counterfeit products in violation of New

York's Deceptive and Unfair Trade Practices Act, Sections § 349 of the N.Y. General Business Law.

44. These materially deceptive allegations will affect the consumer's choice of products available through Triplenet in the marketplace for fear of purchasing products that are not genuine but, instead, knockoffs and counterfeit.

45. Defendant's allegations are both willful and malicious.

46. As a direct and proximate result of such misleading and deceptive allegations, Triplenet as well as consumers, have or are likely to continue to sustain damages in terms of loss of reputation, customers, and sales in an amount not yet subject to determination.

**COUNT V**
**(Prohibited Warranty Restrictions,**
**§ 369(b) N.Y. Gen. Bus. Law)**

47. Plaintiff incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 46, inclusive.

48. Upon information and belief, the Defendant refuses to honor its product warranties unless purchased through one of its authorized distributors.

49. Any practice of disclaiming a product warranty unless purchased through a particular dealer or dealer violates Section 369(b) of the New York General Business Law that prohibits such practice.

50. Accordingly, Defendant should be prohibited from utilizing any such practice that, in effect, stifles competition by limiting the sales and distribution of its products by other independent and non-authorized dealers.

WHEREFORE, Plaintiff Triplenet respectfully requests that this Court enter judgment in favor of Plaintiff Triplenet and against Defendant, and issue an Order:

A. Declaring that Triplenet need not wait for Defendant to carry out its threats and to cause injury or damage to is business as has it threatened to do;

B. Declaring that Triplenet's sales of Defendant's genuine and authentic product is protected under the First Sale Doctrine and does not infringe upon Defendant's registered trademarks;

C. Declaring that the Triplenet does not infringe the Defendant's trademark(s);

D. A permanent injunction enjoining Defendant from ascribing to Triplenet and its customers that Triplenet's sales of the Skullcandy products do not constitute an infringement of Defendant's trademark rights;

E. A permanent injunction enjoining Defendant from pursuing trademark infringement claims against Triplenet's sales of Defendant's own authentic and genuine products;

F. Defendant be required to pay Triplenet's costs of this action and any damages which Triplenet may sustain as a result of Defendant's willful deceptive allegations and unfair trade practices, tortious interference with contract and intentional interference with prospective economic advantage; and

G. Plaintiff be granted such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: Brooklyn, NY
       September 26, 2019

                                Respectfully submitted,

                                ANTAR LAW FIRM, PLLC
                                *Attorney for the Plaintiff*
                                By, _____/s/_____
                                SOLOMON E. ANTAR, ESQ. (SEA 7804)