```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
TRIPLENET PRICING, INC.,                                    :
                                                            :   **MEMORANDUM**
                                   Plaintiff,               :   **DECISION AND ORDER**
                                                            :
           - against -                                      :   19-cv-5508 (BMC)
                                                            :
SKULLCANDY, INC.,                                           :
                                                            :
                                   Defendant.               :
                                                            :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

This is a reverse gray-market goods trademark action under the Lanham Act and corresponding New York state law, in which plaintiff seeks a declaratory judgment that when it buys defendant's goods from authorized dealers and resells them over Amazon.com, it is not infringing defendant's trademarks. Defendant's motion to transfer the case to the District of Utah is granted for the reasons set forth below.

In the premotion conference letters submitted by the parties, defendant argued that it is not subject to general or specific (long-arm) jurisdiction in New York and that the case should therefore be dismissed. Plaintiff attempted to rebut that argument by arguing that defendant is subject to specific jurisdiction under N.Y. C.P.L.R. 302(1) and (3), based on defendant's sales of products to its authorized dealers in New York and its advertising in New York.

At the premotion conference, the Court ruled that plaintiff's argument was legally inadequate because plaintiff had improperly conflated considerations of general jurisdiction with its argument in support of specific jurisdiction. Specifically, defendant is incorporated in

Delaware and has its principal place of business in Utah (the complaint alleges that defendant is incorporated in Utah but that is incorrect.) Although defendant advertises in and sells products to authorized dealers in New York, it is not "at home" in New York, see Daimler AG v. Bauman, 571 U.S. 117 (2014), and therefore is not subject to general jurisdiction in New York. As noted, plaintiff did not contend otherwise. But plaintiff was still attempting to use defendant's authorized sales and advertising in New York as a basis for specific jurisdiction.

I ruled that plaintiff's argument ignored the threshold requirement in C.P.L.R. 302 – and it is a threshold requirement in any specific jurisdiction statute – that to invoke specific jurisdiction, a plaintiff's claim for relief has to "aris[e] from" the defendant's conduct in plaintiff's chosen forum. But defendant's conduct at issue in this case had nothing to do with its sales and advertising in New York. Rather, its conduct consisted of efforts to stop plaintiff from reselling its products.

Indeed, defendant had done nothing in New York to stop plaintiff from reselling defendant's products. The cease and desist letter that defendant sent to plaintiff was to an address in Maryland (the complaint alleges that plaintiff is a Delaware corporation with its principal place of business in Delaware, but it apparently has offices in Maryland and New York). Moreover, even if defendant had sent a cease and desist letter to plaintiff in New York, the Second Circuit has held that the sending of such letters to New York, even together with unrelated sales to non-parties in New York, does would not make plaintiff's declaratory judgment claim for non-infringement "aris[e] from" those two acts, and thus they are insufficient to confer specific jurisdiction. Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 766 (2d Cir. 1983) (collecting state court authorities); see also Opinion Corp. v. Roca Labs, Inc., No. 14-cv-

6396, 2015 WL 405532 (S.D.N.Y. Jan. 30, 2015) (court lacked personal jurisdiction over out-of-state defendant who sent two cease and desist letters to the alleged infringer in New York).

Having so ruled at the premotion conference, I directed the parties to attempt to agree on whether the action should be transferred to the District of Utah, where defendant has its principal place of business, or the District of Delaware, where both parties are incorporated, and if they could not agree, defendant could file a motion to transfer under 28 U.S.C. §§ 1404(a), 1406. They could not agree, and defendant filed its motion, arguing that the District of Utah was more convenient.

In opposition, plaintiff submitted papers as if the premotion conference and the Court's ruling had never occurred. It argued that this district is the most convenient forum, and that it was an available forum because defendant is subject to specific jurisdiction under C.P.L.R. 302, again conflating the requirements of general and specific jurisdiction. I am rejecting that argument again both for the reasons previously stated at the premotion conference and because plaintiff's opposition to the motion to transfer is a procedurally defective motion for reconsideration.

That leaves us with the choice of the District of Utah or the District of Delaware, and neither side has argued in favor of the latter. Defendant has more than satisfactorily shown that the convenience of parties and witnesses and the interests of justice favor the former. Defendant intends to file counterclaims for trademark infringement against plaintiff, and the crux of both sides' claims is going to be whether there is a material difference between the products defendant sells and the products that plaintiff resells. Defendant's contention is that there is a difference, at least, in warranty terms, and that its corporate decision making regarding that and related issues

will be the subject of discovery from its employees and documents. It has identified specific employees who it will call as witnesses to substantiate its claims and refute those of plaintiff.

More fundamentally, however, since plaintiff has only argued in favor of a forum that I have ruled is unavailable, the interests of justice compel transfer to the District of Utah. Defendant's motion is therefore granted. The Clerk is directed to transfer this action to the District of Utah. The seven-day waiting period under Local Civil rule 83.1 is waived.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
December 31, 2019